**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>FULGENCIO ARIAS, Jr., AKA Stomper,<br><br>Defendant-Appellant. | No. 17-30021<br><br>D.C. No. 3:11-cr-00494-HZ-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted March 6, 2018
Portland, Oregon

Before:  FISHER, N.R. SMITH and HURWITZ, Circuit Judges.

Fulgencio Arias appeals his convictions for conspiracy to distribute

methamphetamine, distribution of methamphetamine, attempted distribution of

methamphetamine and conspiracy to commit money laundering.  *See* 18 U.S.C.

§§ 2, 1956(a)(1)(A)(i); 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.  He raises a single

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

issue on appeal, contending the district court abused its discretion by admitting evidence regarding his association with two criminal organizations, including the Mexican Mafia. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Under the Federal Rules of Evidence, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. The evidence challenged here was relevant. The evidence of Arias' gang associations was relevant to explain the development of the relationship between Arias and his co-conspirator, Francisco Fregoso, and to establish Arias' motive or opportunity to engage in drug trafficking. *See* Fed. R. Evid. 401, 404(b). The evidence of Arias' nickname was relevant to establish the close relationship between Arias and a second co-conspirator, Art Casas. The expert testimony was relevant to explain the relationship between the Mexican Mafia and the Sureño gangs and to explain the difference between a member and affiliate of the Mexican Mafia.

Arias validly points out that the relevance of much of this evidence was limited. The government, for example, could have explained the development of Arias and Fregoso's relationship without mentioning Arias' gang affiliations. Similarly, although the evidence showed Arias had a historical connection to the Mexican Mafia, there was no evidence actually linking the Mexican Mafia to the

charged conspiracy. Arias' ties to the Mexican Mafia therefore provided only a tenuous theory of motive and opportunity. Evidence of Arias' nickname was only minimally probative, given Arias' identity was not at issue.

On the other side of the equation, gang affiliation evidence carries a significant risk of unfair prejudice. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 602 (9th Cir. 2016); *Kennedy v. Lockyer*, 379 F.3d 1041, 1055-56 (9th Cir. 2004). Given the limited probative value of the evidence and the risk of unfair prejudice, the district court might reasonably have excluded the challenged evidence under Rule 403. The standard of review, however, is highly deferential. "A district court's Rule 403 determination is subject to great deference, because 'the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.'" *United States v. Hinkson*, 585 F.3d 1247, 1267 (9th Cir. 2009) (en banc) (quoting *R.B. Matthews, Inc. v. Transamerica Transp. Serv., Inc.*, 945 F.2d 269, 272 (9th Cir. 1991)). We cannot say the district court abused its broad discretion here.

In any event, even if the evidence should have been excluded, we will not reverse where, as here, "it is more probable than not that the error did not materially affect the verdict." *United States v. Vera*, 770 F.3d 1232, 1240 (9th Cir.

3

2014) (quoting *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (9th Cir. 2005)).  The government's case against Arias was built not only on the testimony of Arias' two principal co-conspirators, Fregoso and Casas, but also on recorded phone conversations in which Arias described his methamphetamine and money laundering crimes in his own words.  The district court also took steps to limit the possibility of prejudice.  Any error, therefore, was harmless.  Arias' contention that we should apply the harmless error standard applicable to constitutional error is not supported by relevant authority and is therefore rejected.

**2.**  We review Arias' challenge to the gang task force evidence for plain error.  *See United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015).  Because the error, if any, was not obvious, Arias' argument fails.

**AFFIRMED.**